UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **ROGER BURNS PAINTING LLC, et al.,** <br><br> Defendants. |

Civil Action No. 09-1307 (JEB)

## MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion for Entry of Default Judgment. This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, and for legal relief under 29 U.S.C. § 185. Defendant Roger Burns Painting, LLC was served via U.S. mail on September 10, 2010, and Defendant Burns Painting Company LLC was served by hand delivery on October 1, 2010. Defendants have failed to answer or otherwise defend this action. The Clerk of Court entered a default on November 3, 2010. Plaintiffs have now moved for entry of default judgment pursuant to FED. R. CIV. P. 55(b)(2). On April 8, 2011, the Court gave Defendants one final opportunity to show cause why a default judgment should not be entered. They did not respond.

The determination of whether a default judgment is appropriate is committed to the discretion of the trial court. Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980). For a default judgment to enter, a defendant must be considered a "totally unresponsive" party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of

1

default, or the motion for default judgment. Gutierrez v. Berg Contracting Inc., No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing Jackson, 636 F.2d at 836). Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied here. Id.

In this case, Plaintiffs have properly pled that Defendant Burns Painting Company is the alter ego of Defendant Roger Burns Painting Company. In determining whether one entity is the alter ego of another, courts consider a combination of factors, including the substantial identity of management, business purpose, operation, equipment, customers, supervision, and ownership. See Fugazy Continental Corp. v. N.L.R.B., 725 F.2d 1416, 1419 (D.C. Cir. 1984). Here, Plaintiffs allege that Defendants have substantially identical officers and management, including Roger Burns and Gladys Burns, who serves as both Defendants' registered agent. Plaintiffs, moreover, claim that Defendants share: (1) a business address and/or telephone number; (2) employees; (3) equipment; and (4) customers. Finally, Plaintiffs contend that Roger Burns Painting Company was dissolved and Burns Painting Company was created with full awareness and knowledge of Roger Burns Painting Company's unpaid obligations. In light of Defendants' failure to contest these allegations, the Court will treat them as admitted and find both Defendants jointly and severally liable to Plaintiffs under an alter ego theory.

A. ERISA Claim

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2), the Court is required to award Plaintiffs: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages in an amount equal to the greater of interest on the unpaid

contributions or 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount of unpaid contributions; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the Court deems appropriate. The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment. Flynn v. Mastro Masonry Contractors, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiffs have filed the declaration of Thomas Montemore, Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund ("the Fund") in support of the Motion for Default Judgment. Based on this declaration and the exhibits to Plaintiffs' Motion, the Court finds that Plaintiffs have established damages in the amounts of $13,229.58 in unpaid contributions to the Fund for work performed during the time period January 2006 through April 2010, pursuant to 29 U.S.C. § 1132(g)(2)(A); $1,139.74 in interest on those unpaid contributions, pursuant to § 1132(g)(2)(B); and $2,645.92 for liquidated damages assessed on unpaid contributions, pursuant to § 1132(g)(2)(C)(ii). Section 1132(g) does not provide for the recovery of audit costs, so Plaintiffs are not entitled to recover those costs under their ERISA claim.

Plaintiffs have also requested attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and have filed the declaration of Jerome A. Flanagan, Plaintiffs' counsel and an associate with the law firm of Jennings Sigmond, P.C., in support of this request. The Flanagan Declaration states Plaintiffs' counsel has accrued $11,366.51 in legal fees and costs. Accordingly, the Court finds that Plaintiffs are entitled to attorney's fees and cost in the amount of $11,366.51.

Therefore, pursuant to 29 U.S.C. § 1132(g)(2), judgment will be entered for Plaintiffs in the amount of $28,381.75.

B. Contract Claim

In the alternative, the Court finds that Plaintiff is entitled to a default judgment on its claims under 29 U.S.C. § 185, the original source of benefit fund collection suits in federal court. See, e.g., Lewis v. Benedict Coal Corp., 361 U.S. 459, 470 (1960). Section 185 states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to citizenship of the parties.

Under Section 185 and the terms of the parties' contract, Plaintiffs may recover: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages at the contract rate under Article XXII, Section 22.05; (D) audit costs under Article XXII, Sections 22.02-22.04; and (E) attorney's fees and costs under Article XXII, Section 22.04.

Plaintiffs rely on the same declarations as above for their contract claims. The damages calculations vary, however, because Defendants are obligated to contribute to 2 additional funds under the contract. Based on the Montemore and Flanagan declarations and the exhibits to Plaintiffs' Motion, the Court finds that Plaintiffs have established damages in the amounts of $13,627.18 in unpaid contributions for work performed during the time period January 2006 through April 2010; $1,174.72 in interest on those unpaid contributions; $2,725.44 for liquidated damages assessed on unpaid contributions; $1722.11 for audit costs; and $11,366.51 for attorney's fees and costs.

Therefore, pursuant to 29 U.S.C. § 185, judgment will be entered for Plaintiffs in the amount of $30,615.96.

In addition, pursuant to 29 U.S.C. § 1132(g)(2)(E), the Court may award Plaintiffs equitable relief as appropriate. Plaintiffs request that Defendants file all outstanding remittance

reports. Because Plaintiffs' request reiterates Defendants' contractual obligations, and the reports are necessary to ensure Defendants' compliance, the Court believes such relief is appropriate.

The Court, therefore ORDERS that:

1. Plaintiffs' Motion is GRANTED; and
2. Default Judgment is ENTERED for Plaintiffs as set forth in the accompanying Order of Judgment.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 10, 2011